**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PUBLIC CITIZEN,<br>1600 20th Street NW<br>Washington, DC 20009,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br>400 Maryland Avenue SW<br>Washington, DC 20202,<br><br>Defendant. | Civil Action No. 26-3439 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. Plaintiff Public Citizen brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to compel defendant U.S. Department of Education (ED) to produce records responsive to a FOIA request seeking records relating to the suspension of collection activity on student loans while applications for "total and permanent disability" (TPD) discharge are pending.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff Public Citizen is a nonprofit organization headquartered in Washington, DC. Public Citizen submitted the FOIA request at issue in this action.

5. Defendant ED is an agency of the United States. ED has possession or control of records responsive to Public Citizen's FOIA request.

## FACTS

**Background**

6. When federal student loan borrowers become "permanently and totally disabled," ED is required to discharge their liability on any loans disbursed pursuant to Title IV of the Higher Education Act. 20 U.S.C. § 1087(a)(1). ED has promulgated regulations to govern the application process for such "total and permanent disability," or "TPD" discharges. 34 C.F.R. § 685.213.

7. ED's regulations contain two separate forbearance provisions. First, when a "borrower notifies the Secretary [of ED] that the borrower claims to be totally and permanent[ly] disabled prior to submitting a total and permanent disability discharge application," ED is required to "[s]uspend[] collection activity on any of the borrower's title IV loans held by the Secretary, and notif[y] the borrower's other title IV loan holders to suspend collection activity on the borrower's title IV loans for a period not to exceed 120 days." *Id.* § 685.213(b)(1).

8. Second, once ED receives a borrower's TPD discharge application, ED must "notif[y] the lenders that the Secretary has received a total and permanent disability discharge application from the borrower and direct[] the lenders to suspend collection activity or maintain the suspension of collection activity on the borrower's title IV loans," and "[n]otif[y] the borrower that no payments are due on the loan while the Secretary determines the borrower's eligibility for discharge." *Id.* § 685.213(b)(3).

9. In December 2024, ED announced that it was pausing processing of all TPD discharge applications during a "transition of TPD Discharge processing." Fed. Student Aid,

LOANS-24-12, TPD Discharge Information – TPD Servicing Transition Planned for March 2025; Impacts to Loanholders Begin December 2024, Dec. 20, 2024.[1]

10. In April 2025, ED announced that it had resumed processing TPD discharge applications, but that responsibility for processing TPD discharge applications would be transitioned from one loan-servicing company, Nelnet, to other contractors. Fed. Student Aid, LOANS-25-14, TPD Discharge Information – TPD Servicing Transition Completed March 2025; Updates to Loan Holders and Changes to TPD Loan Holder Notification File, Apr. 7, 2025.[2]

11. The transition has reportedly been "riddled with problems," including a growing backlog of TPD applications, erroneous denials, and "contractors' failures to apply the forbearance and misinformation from call center staff about forbearances." Bradley D. Custer, *Protecting the Progress Made on the Total and Permanent Disability Discharge Program*, Inst. for College Access & Success, Nov. 4, 2025.[3]

12. Errors relating to forbearance are particularly pernicious, as they put borrowers at risk of delinquency and default.

**Public Citizen's FOIA Request**

13. In light of the reported errors, on January 28, 2026, Public Citizen submitted to ED a FOIA request seeking records relating to suspensions of collection activity on student loans pending review of TPD discharge applications.

---

[1] https://fsapartners.ed.gov/knowledge-center/library/electronic-announcements/2024-12-20/tpd-discharge-information-tpd-servicing-transition-planned-march-2025-impacts-loanholders-begin-december-2024

[2] https://fsapartners.ed.gov/knowledge-center/library/electronic-announcements/2025-04-07/tpd-discharge-information-tpd-servicing-transition-completed-march-2025-updates-loan-holders-and-changes-tpd-loan-holder-notification-file

[3] https://ticas.org/affordability-2/total-and-permanent-discharge-recommendations-november-2025/.

14. Specifically, the FOIA request asked for two categories of records created or distributed from January 1, 2025, through the date of search: (1) any policies, manuals, guidance documents, or training materials relating to the suspension of collection activity on student loans pending review of applications for total and permanent disability discharge; and (2) any instructions, directives, policies, or other communications from Federal Student Aid (”FSA”) to contractors, servicers, and loan holders regarding suspensions of collection activity on student loans pending review of applications for TPD discharge, excluding any communications regarding individual borrowers. The request was limited to records in the custody of FSA, a component of ED.

15. In the request, Public Citizen sought a waiver of fees and explained in support that disclosure of the requested information would be in the public interest and not for a commercial purpose.

16. On January 28, 2026, ED acknowledged receipt of Public Citizen's FOIA request via email and assigned it tracking number 26-01248-F.

17. On January 29, 2026, ED sent a second acknowledgement letter, which stated that "[n]o additional information is needed at this time," and specified that "the current average request processing time is 185 business days."

18. That same day, ED updated the status of Public Citizen's FOIA request on its FOIA Portal to "In Process."

19. On February 26, 2026, ED emailed Public Citizen with a "status update," indicating that "your request is still being processed." No estimated response date was provided.

20. On March 26, 2026, Public Citizen requested that ED provide an estimated response date.

21. On April 8, 2026, ED responded to Public Citizen that "[t]he estimated completion date is July 8, 2026."

22. On July 9, 2026, Public Citizen requested a further status update.

23. On July 20, 2026, ED responded that the "request is currently under processing review" and directed Public Citizen to check ED's FOIA portal.

24. On September 9, 2026, Public Citizen requested a status update. ED has not responded to that request.

25. ED's FOIA portal continues to reflect the status as "In process"—as it has since January 29, 2026.

26. Under 5 U.S.C. § 552(a)(6)(A)(i), ED had 20 working days to respond to Public Citizen's FOIA request.

27. Far more than 20 working days have passed since Public Citizen submitted its FOIA request, and Public Citizen has not received a determination on its FOIA request or any records in response to the request.

**CLAIM FOR RELIEF**

28. Public Citizen has a statutory right under FOIA, 5 U.S.C. § 552(a)(3)(A), to the records responsive to its FOIA request and to a public-interest fee waiver.

29. ED has no legal basis for refusing to produce the records responsive to Public Citizen's request.

**PRAYER FOR RELIEF**

WHEREFORE, Public Citizen requests that this Court:

A. Declare that ED's failure to provide the records responsive to Public Citizen's FOIA request is unlawful;

B. Order ED to make the requested records available to Public Citizen at no charge and without delay;

C. Award Public Citizen its costs and reasonable attorneys' fees under 5 U.S.C. § 552(a)(4)(E); and

D. Grant all other appropriate relief.

Dated: October 2, 2026

Respectfully submitted,

/s/ Adam R. Pulver
Adam R. Pulver (DC Bar No. 1020475)
Becca Steinberg (DC Bar No. 1736190)
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
apulver@citizen.org

Counsel for Plaintiff Public Citizen